### WASSELL VS. ENGLISH ET AL.

A judgment cannot legally be rendered against a steam boat, as a substantive party, and the owners, upon confession by the master.

*Error to Pulaski Circuit Court.*

FOWLER, for the plaintiff.

PIKE & CUMMINS and GALLAGHER, for defendants.

This cause was decided by the Hon. THOMAS B. HANLY, Judge, and the Hon. THOMAS JOHNSON, Special Judge—the Hon. E. H. ENGLISH, Chief Justice, not sitting, and the Hon. C. C. SCOTT being absent.

Hon. THOMAS JOHNSON, Special Judge, delivered the opinion of the Court.

The only question material to be decided in this case, relates to the validity of the judgment offered in evidence by the plaintiff. The judgment is directly against the steam boat EXCHANGE, and owners, and purports to be by confession; and that, too, by the Captain of said boat. This court, in the case of *Turner et al. vs. Wallace,* in commenting upon the statute providing for an attachment against boats, &c., said: "The proceeding, by which a steam boat, or the owners, masters, supercargoes or consignees thereof, as such, can be directly subjected to the payment of debts, is solely and exclusively the creature of our statute authorizing the attachment of boats, vessels, &c., and contained in chapter 18 of the *Digest.* It is clear, therefore, inasmuch as this was not a proceeding by attachment, but in strict accordance

with the common law, that no judgment could be legally taken against a steam boat as a substantive party; and, that, consequently, such judgment is a mere nullity. The steam boat being an impossible party, under the form of procedure, it is clear, that the justice could not exercise jurisdiction over her, and as a matter of course, the Circuit Court could not do so, through the appeal." See 6 *English Rep.* 662. In the case of *Gibson et al vs. Wilson et al.*, 5 *Ark. Rep.* 442, this court laid down the same doctrine. In that case, although an attachment was sued out, inasmuch as it was not executed as required by the statute, the court held that the property never passed into the custody of the officer. In that case, strangers came in, and interpleaded their title to the property acquired by purchase from the defendant in the attachment suit. Upon that state of case, it was held, that between those parties, the Circuit Court had not cognizance of the cause. That its jurisdiction to hear and determine it, as between the interpleaders and the plaintiff, arose by virtue of the writ of attachment, and, as there was no valid service, of course there was no suit in court between them. That was a suit instituted under the general attachment law of this State, and the question arises as to the true ground upon which the court predicated its decision. The reason of the doctrine there laid down, is plainly and manifestly, that the attachment being a proceeding *in rem*, and nothing appearing upon the record to show that the property had been legally seized, and transferred from the defendant into the custody of the law, that therefore, the court could take no jurisdiction over it, so as to test the strength of title as between the attaching creditor and the interpleader. The property not having been attached by an actual seizure, the title could not be adjudicated upon by the court; and, consequently, the real owner could not be prejudiced, as no judgment that the court could have pronounced, would have had the effect to impair his rights. See, also, *Splawn vs. Martin*, decided at the present term of this court. If process sued out under the general attachment law, without a legal service upon the property, can-

not so operate as to confer jurisdiction upon the court over such property, it is manifest that the clerk in vacation or the court in term time, could not legally exercise jurisdiction; and that, too, without either a writ or a legal seizure. In a writ, by attachment, whether general, or special, as in this case, the court can exercise no jurisdiction over the thing, without an actual seizure by the officer, and a return upon the writ as required by the statute, and such proceeding being in derogation of the common law, everything necessary to the jurisdiction must affirmatively appear upon the record. The paper offered as evidence of title in this case, leaves no room for intendment, even if such intendment could be indulged; but on the contrary, affirmatively shows that the appearance was voluntary, and the judgment was by confession. We are clearly of opinion, therefore, that the court that rendered the supposed judgment, had no jurisdiction of the subject matter, and that, consequently, it is absolutely void.

The Circuit Court, therefore ruled correctly in excluding it from the jury, and as such, the said judgment ought to be, and is, in all things affirmed.