HARTMAN ET AL. VS. STONE.

Where the plaintiff in attachment elects to commence his proceedings *in rem*, against a boat by name, he must proceed *in rem*, and take judgment against the boat—it is error to take judgment *in personam* against persons not sued.

*Error to the Circuit Court of Desha county.*

Hon. THEODORIC F. SORRELLS Circuit Judge.

WATKINS & GALLAGHER, for the plaintiffs.

CARROLL & JOHNSON for defendant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

On the 1st of April, 1856, Stone filed an affidavit in the office of the Clerk of the Circuit Court of Desha county, stating that the steamboat *Lizzie Lake*, was indebted to him in the sum of $139, for services as mate, etc., etc. He also filed an attachment bond, payable to the State, reciting that he had prayed a writ of attachment against the *Lizzie Lake*, conditioned according to the statute, etc. The writ was issued against the boat by name. The sheriff returned upon the writ, that he had attached the boat; and released her upon a replevin bond executed by L. Y. Lusk, owner of the boat, as principal, and E. Randolph, as security, which bond was approved by the Clerk of the Court, etc. He also returned that he had served the writ upon Samuel Gantney, master of the boat.

Stone filed a declaration against the boat, by name, upon a note alleged to have been made to him by the boat, signed by A. G. Hartman, Capt.

At the return term, the following judgment was entered:
"Rufus C. Stone, *Plaintiff*,

vs.

Adams G. Hartman, Lucius Y. Lusk, Elihu Randolph & Butler,
master and owners of the steamer *Lizzie Lake, Defendants*.

And now on this day came the plaintiff, by Stewart, and the
said defendant being three times solemnly called, came not, but
wholly made default, thereby leaving this action wholly undefended, and it appearing to the satisfaction of the Court, that
said plaintiff's cause of action is liquidated, and founded on a
promissory note now here in Court filed, whereby it appears that
said demand is reduced to a sum certain; it is therefore considered by the Court, that the said plaintiff do have and recover
of, and from the said Adams G. Hartman, —— Butler, Lucius
Y. Lusk and Elihu Randolph, master and owners aforesaid,
the sum of one hundred and thirty-nine dollars for his debt, in
the declaration mentioned, with the sum of six dollars and
twenty-five cents for his damages sustained by the detention of
said debt, together with all his costs sustained in this behalf,
and that he have execution thereof."

The persons against whom the judgment was rendered, as
above, brought error.

It may be seen that Stone elected to commence his proceedings *in rem*—against the boat by name—and that they irregularly terminated in a judgment *in personam*, against strangers
to the suit—persons who were not sued, and in no mode known
to the law, made defendants. Having commenced *in rem*, he
should have proceeded *in rem*, and taken judgment against the
boat. *Dig.*, *chap.* 18, *secs.* 4, 5, 6, 9; *Toby ad. vs. Brown, et al.*,
6 *Eng.* 311; *Merrick & Fenno vs. Avery et al.*, 14 *Ark.* 385; *Turner et. al. vs. Wallace*, 6 *Eng.* 662; *Wassell vs. English et al.*, 17
*Ark.* 480.

Notwithstanding the boat was released by the sheriff upon
the replevin bond executed by the owner, and surety, it would
have been subject to the satisfaction of the judgment; and

Stone would also have his right of action upon the bond if its condition were broken. *Dig., chap.* 18, *sec.* 9.

The judgment is reversed, and the cause remanded to be legally proceeded in.

Absent Mr. Justice HANLY.